# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 20-7064 |
| Case Name | Sunoco Partners Marketing & Terminals, LP et al. v. Perry Cline et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Sunoco Partners Marketing & Terminals, LP; Sunoco, Inc. (R&M) |
| Appellee(s) or Respondent(s) | Perry Cline on behalf of himself and all others similarly situated |
| List all prior or related appeals in this court with appropriate citation(s). | Sunoco, Inc. (R&M) et al. v. Cline et al.; No. 19-608<br>Sunoco, Inc. (R&M) et al. v. Cline et al.; No. 20-7055 |

**I.      JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.      APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: The District Court entered its Plan of Allocation Order on 10/30/2020

   **2.**   Date notice of appeal was **filed**: 10/30/2020

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):
   30 days from entry of judgment (Fed. R. App. P. 4(a)(1)(A)) or from disposition of post-trial motions (id. R. 4(a)(4))

      **a.**   Was the United States or an officer or an agency of the United States a party below? No

      **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   September 24, 2020. Appellants may file one or more additional tolling motions but have not done so at this time.

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   No

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. See Exhibit A, attached hereto.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

Cir. 2010) (discussing protective or conditional cross appeals). _____

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   1. Date of the order to be reviewed: _____

   2. Date petition for review was filed: _____

   3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

   4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

   1. Date of entry of decision appealed: _____

   2. Date notice of appeal was filed: _____

      (If notice was filed by mail, attach proof of postmark.)

   3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

   4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

   **A.**   Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

   **B.**   If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

   **C.**   Describe the sentence imposed. _____
   _____

   **D.**   Was the sentence imposed after a plea of guilty? _____

   **E.**   If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

   **F.**   Is the defendant on probation or at liberty pending appeal? _____

   **G.**   If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

   **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

In this class action, the plaintiff class contends that the defendants failed to pay interest owed under Oklahoma's Production Revenue Standards Act for alleged untimely payments of proceeds from the sale of oil and gas. The District Court certified the class and proceeded to a bench trial.

Following trial, the District Court entered an Order granting the class relief on some claims and rejecting other claims. Thereafter, the District Court entered a Judgment Order awarding $80,961,486.00 in compensatory damages and $75,000,000.00 in punitive damages. Finally, the District Court entered a Plan of Allocation Order addressing aspects of damages allocation.

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

See Exhibit B, attached hereto.

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Marie R. Yeates   Telephone: 713.758.4576

Firm: Vinson & Elkins LLP

Email Address: myeates@velaw.com

Address:

1001 Fannin Street, Suite 2500, Houston, TX 77002


/s/ Marie R. Yeates                              11/13/2020

Signature                                        Date

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to all counsel of record, including the following:

Bradley E. Beckworth, OBA No. 19982
Jeffrey Angelovich, OBA No. 19981
Lisa P. Baldwin, OBA No. 329347
Andrew G. Pate, TX Bar No. 24079111
Trey Duck, OBA No. 33347
Ross Leonoudakis, TX Bar No. 24087915
Robert "Winn" Cutler, TX Bar No. 2408436
Brooke A. Churchman, OK Bar No. 31964
James Edward Warner, III, OK Bar No. 19593
Nix Patterson, LLP
3600 North Capital of Texas Highway
Suite 350, Building B
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
*bbeckworth@nixlaw.com*
*jangelovich@nixlaw.com*
*lbaldwin@nixlaw.com*
*dpate@nixlaw.com*
*tduck@nixlaw.com*
*ross@nixlaw.com*
*winn.cutler@nixlaw.com*
*bchurchman@nixlaw.com*
*jwarner@nixlaw.com*

Susan R. Whatley, OBA No. 30960
Nix Patterson, LLP
P.O. Box 178
Linden, Texas 75563
Telephone: (903) 215-8310
*swhatley@nixlaw.com*

Lawrence R. Murphy, Jr., OBA No. 17681
Smolen Law, PLLC
611 South Detroit Avenue
Tulsa, Oklahoma 74120
Telephone: (918) 777-4529
Facsimile: (918) 890-4529
*larry@smolen.law*

Patrick M. Ryan, OBA No. 7864
Philip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
Ryan Whaley Coldiron Jantzen
    Peters & Webber PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
*pryan@ryanwhaley.com*
*pwhaley@ryanwhaley.com*
*jryan@ryanwhaley.com*
*pjantzen@ryanwhaley.com*

Michael Burrage, OBA No. 1350
Whitten Burrage
512 N. Broadway Avenue, Suite 300
Oklahoma City, Oklahoma 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
*mburrage@whittenburragelaw.com*

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
Barnes & Lewis, LLP
208 N.W. 60th Street
Oklahoma City, Oklahoma 73118
Telephone: (405) 843-0363
Facsimile: (405) 843-0790
*rbarnes@barneslewis.com*
*plewis@barneslewis.com*
*ekitch@barneslewis.com*

**ATTORNEYS FOR APPELLEES**

                                                */s/ Marie R. Yeates*

**Exhibit A**

On November 3, 2020, this Court entered an order directing the parties to file memorandum briefs by November 17, 2020 addressing whether the District Court has entered a final, appealable judgment under *Strey v. Hunt International Resources Corp.*, 696 F.2d 87, 88 (10th Cir. 1982), and *Cook v. Rockwell International Corp.*, 618 F.3d 1127, 1137–38 (10th Cir. 2010). As Sunoco will explain in its forthcoming memorandum brief, Sunoco believes there may not be a final, appealable judgment in this case.

**Exhibit B**

1. Whether the District Court erred as a matter of law and/or abused its discretion in certifying the class, in denying Defendants' motion to clarify the class definition, and/or in denying Defendants' motion to decertify the class.

2. Whether Plaintiffs failed to prove liability.

3. Whether Plaintiffs failed to prove damages.

4. Whether the punitive damages award must be reversed.

5. Whether the District Court erred in granting partial summary judgment against the Appellants.

6. Whether the District Court erred or abused its discretion in granting Plaintiffs' motion to exclude trial testimony of Appellants' expert witness, Eric Krause.

7. Whether the District Court erred or abused its discretion in denying Appellants' motion to exclude Plaintiffs' expert witness, Barbara Ley.

8. Whether the District Court erred or abused its discretion by sua sponte (a) reopening the evidence post-trial to allow Plaintiffs to offer additional evidence, and then (b) based on that post-trial evidence, awarding substantial additional damages to Plaintiffs.

9. With respect to all the above-listed issues, Appellants will have additional sub-issues, including, without limitation,

    a. who had the burden of proof on marketable title;

    b. whether interest, if any, should be calculated at 6% or 12%;

    c. which class members, if any, were "legally entitled" to interest under Oklahoma law;

    d. whether some class members lack Article III standing;

e. whether Appellants are liable for, and whether Plaintiffs are entitled to recover, interest on funds paid by Appellants to 50 states under their unclaimed property statutes; and

f. whether Plaintiffs are entitled to recover "interest on interest" at 12% for time periods after the dates that Appellants paid proceeds from the sale of oil to Plaintiffs.